# Staunton

R. Carter Scott, Jr., Guardian Ad Litem, &c., et als. v. Crippled Children's Hospital, et als.

September 20, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*R. Carter Scott, Jr.,* for the appellants.

*Christian & Lamb, Leake & Buford, Williams & Mullen, Ralph T. Catterall, Page & Leary* and *John B. Lightfoot, Jr.,* for the appellees.

Chinn, J., delivered the opinion of the court.

This is an appeal taken by R. Carter Scott, Jr., guardian *ad litem* for Frances Bushnell, an infant, and Mrs. Heningham L. Spilman, from a decree entered by the Chancery Court of the city of Richmond, construing the testamentary writings of Mrs. Sallie F. Forrest, and directing the distribution of her estate. The decree complained of is the same decree which is reviewed in the opinion this day handed down in the case of *Domestic and Foreign Missionary Society* v. *Crippled Children's Hospital et al., ante,* page 114, 176 S. E. 193, wherein the said testamentary writings are fully set forth.

In their petition appellants assign the following errors:

"1. The lower court erred in deciding that the legacies given your petitioners, Frances Bushnell and Heningham L. Spilman, were not entitled to share equally with the legacies given in the main will and codicil of the same date.

"2. The lower court erred in deciding that the Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America, the Trustees of the Diocesan Missionary Society of Virginia, the Crippled Children's Hospital, the Home for Incurables and the Sheltering Arms Hospital were entitled to any bequest under the two holographic codicils of May 17, 1928."

It will be seen by reference to the opinion above referred to that the identical contention here made by the appellants under their first assignment of error, was made by the appellants in that case (Domestic and Foreign Missionary Society), and was decided adversely to that contention. The views we expressed in that opinion in regard to the question involved are equally applicable here, and are therefore adhered to.

It will also appear from the opinion referred to that the identical questions embraced in appellants' second assignment of error were fully considered and decided

therein. That opinion is therefore hereby adopted for the purposes of this case to that extent.

For the foregoing reasons, the decree complained of will be affirmed.

*Affirmed.*

EPES and HUDGINS, JJ., dissenting.